UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Evexias Medical Centers, PLLC, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>U.S. Food and Drug Administration, *et al.*,<br><br>  Defendants. | No. 4:24-cv-00293-O |

### JOINT STATUS REPORT REGARDING FURTHER PROCEEDINGS ON PLAINTIFFS' THIRD CAUSE OF ACTION

Pursuant to this Court's order, ECF No. 36, granting the parties' Joint Motion to Stay Proceedings Regarding Plaintiffs' Third Cause of Action, ECF No. 35, the parties respectfully submit the following joint status report.

### BACKGROUND

Plaintiffs' lawsuit originally asserted three causes of action. Following discussions between the parties, Plaintiffs voluntarily dismissed their First and Second Causes of Action. *See* ECF No. 37. Plaintiffs' remaining Third Cause of Action, *see* Compl. ¶¶ 78-85, alleges that Defendant U.S. Food and Drug Administration (FDA) has unreasonably delayed deciding whether to add the bulk drug substances AOD-9604, CJC-1295, ipamorelin acetate, and Thymosin Alpha-1 (collectively, the Subject BDSs) to the agency's regulation implementing 21 U.S.C. § 353a(b)(1)(A)(i)(III), which is codified at 21 C.F.R. § 216.23(a) and known as the Section 503A Bulks List.

At the parties' request, on September 24, 2024, this Court stayed proceedings on Plaintiffs' Third Cause of Action to allow the parties time to consider the recommendations of

the Pharmacy Compounding Advisory Committee (PCAC), which FDA generally is required to "convene and consult" before the agency "issu[es] regulations to implement [the Section 503A Bulks List]." 21 U.S.C. § 353a(c)(1). ECF No. 36. The Court directed the parties to confer within 90 days from the latest date of the PCAC's recommendations regarding the Subject BDSs, and to file a joint status report within 15 days of their conference "proposing a schedule for such further proceedings as may be necessary to resolve Plaintiffs' Third Cause of Action." *Id.* at 1-2.

On October 29, 2024 and December 4, 2024, FDA held meetings of the PCAC. At those meetings, FDA consulted the PCAC regarding whether the Subject BDSs should be included on the Section 503A Bulks List.

In accordance with the Court's Order, following the announcements of the PCAC's recommendations, the parties conferred via videoconference on March 4, 2025.

## PROPOSAL FOR FURTHER PROCEEDINGS

The parties agree that from the standpoint of conserving judicial and party resources, the most efficient path forward is for FDA to complete the requested rulemaking within a reasonable time and without the need for further active litigation. FDA represents that it has made significant progress towards developing a proposed schedule for future rulemaking proceedings. However, developing a rulemaking schedule to which FDA can commit is a complex process that requires review by multiple offices within the agency and consultation with other federal government stakeholders. That process—particularly in the first months of a new presidential administration—is a time-consuming one. At this time, FDA expects to have a schedule for the rulemaking that it can present to Plaintiffs within 90 days.

Accordingly, the parties propose that the Court enter an order that:

(1) All proceedings on Plaintiffs' Third Cause of Action remain stayed pending further order of the Court.

(2) FDA shall, within 90 days of the date of the Court's order, confer with Plaintiffs regarding FDA's planned schedule for rulemaking that decides whether to add the Subject BDSs to the Section 503A Bulks List.

(3) Within 30 days of that conference, the parties shall file with the Court a joint status report advising the Court whether further proceedings are necessary to resolve Plaintiffs' Third Cause of Action and, if so, proposing a schedule for such further proceedings.

March 13, 2025

Respectfully submitted,

/s/ *Tyler G. Doyle*
TYLER G. DOYLE
Texas Bar No. 24072075
BAKER & HOSTETLER LLP
811 Main Street, Suite 1100
Houston, TX 77002
Telephone: (713) 646-1374
Facsimile: (713) 751-1717
tgdoyle@bakerlaw.com

ANDREW M. GROSSMAN (admitted *pro hac vice*)
LEE H. ROSEBUSH (admitted *pro hac vice*)
KRISTIN A. SHAPIRO (admitted *pro hac vice*)
MARC N. WAGNER (admitted *pro hac vice*)
BAKER & HOSTETLER LLP
1050 Connecticut Ave., N.W., Suite 1100
Washington, D.C. 20036
(202) 861-1697
agrossman@bakerlaw.com

*Attorneys for Plaintiffs EVEXIAS Medical Centers, PLLC, EVEXIAS Health Solutions, LLC, and North American Custom Laboratories, LLC, d/b/a FarmaKeio Custom Compounding*

/s/ *Gabriel I. Schonfeld*
GABRIEL I. SCHONFELD
DAVID H. HIXSON
Trial Attorneys
Consumer Protection Branch
Civil Division
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044-0386
(202) 353-1531 (Schonfeld)
(202) 449-8070 (Hixson)
(202) 514-8742 (fax)
gabriel.i.schonfeld@usdoj.gov
david.h.hixson@usdoj.gov

*Counsel for Defendants U.S. Food and Drug Administration, et al.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 13, 2025, a copy of the foregoing was filed electronically via the Court's ECF system, which effects service upon counsel of record.

                                              */s/ Gabriel I Schonfeld*
                                              GABRIEL I. SCHONFELD